## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kathey-Lee Galvin and** | : |
| **Blaise Pellegrin** | : |
| **3721 Gunston Road** | : |
| **Alexandria, VA  22302** | : |
| **Plaintiffs,** | : |
| | : |
| | : |
| **v.** | : |
| | : |
| **United States of America** | : |
| **Serve:** | : |
| **Ronald C. Machen, Jr.** | : |
| **US Attorney for the District of Columbia** | : |
| **555 4th Street, NW** | : |
| **Washington, DC 20001** | : |
| | : |
| **And** | : |
| | : |
| **The Honorable Eric Holder** | : |
| **Attorney General of the United States** | : |
| **950 Pennsylvania Avenue, NW** | : |
| **Washington, D.C.  20530** | : |
| **Defendant** | : |

# COMPLAINT

## (VIOLATION OF FEDERAL TORT CLAIMS ACT – NEGLIGENCE)

**COME NOW** plaintiffs Kathey-Lee Galvin and Blaise Pellegrin, by and through undersigned counsel and, pursuant to 28 U.S.C. § 1346(b)(1) and Federal Rule of Civil Procedure 7 and for a cause of action state and aver as follows:

### JURISDICTION

1. Jurisdiction is founded on 28 U.S.C. § 1346(b)(1). Other facts supporting jurisdiction in this matter are set forth in the Parties section and the Facts section.

### VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1346(b)(1).

### PARTIES

3. Plaintiffs Kathey-Lee Galvin ("Galvin") and Blaise Pellegrin ("Pellegrin") are husband and wife, and are residents and citizens of the United States and the Commonwealth of Virginia.

4. The United States of America acts by and through the Department of State ("DOS"), which is an agency and instrumentality of the United States.

### FACTS COMMON TO ALL CLAIMS

5. Plaintiff Galvin was at all times pertinent hereto employed by DOS.

6. Plaintiff Pellegrin is not and has not been employed by DOS.

7. DOS assigned Galvin to the position of Political Officer, US Embassy, Haiti.

8  DOS informed Galvin that DOS would provide housing to Galvin and co-plaintiff Pellegrin.

9. DOS secured for Galvin and Pellegrin housing located in Port-au-Prince, Haiti (the "DOS Housing").

10.     Unknown to plaintiffs, the Housing was substandard.

11.     Unknown to plaintiffs, the Housing had structural deficiencies.

12.     Unknown to plaintiffs, the structure of the Housing was not comparable to the minimal requirements imposed by DOS on other housing it acquired in Haiti.

13.     Unknown to plaintiffs, the Housing was inadequately designed and built such that it could not sustain its physical integrity in the event of material earth movement, including earthquakes.

14.     On or about January 12, 2010, an earthquake struck Haiti. Plaintiffs were inside the Housing at the time of the earthquake.

15.     As a result of the earth movement caused by the earthquake, the Housing was destroyed, and plaintiffs and each of them sustained serious and permanent physical and emotional injuries. Defendants undertake to provide medical treatment to plaintiffs in the United States, and such treatment caused loss, pain and injury to plaintiffs.

16.     No later than January 11, 2012, plaintiffs submitted administrative claims to DOS.

17.     DOS has denied the administrative claim.

18.     Plaintiffs have exhausted their administrative remedies.

## COUNT ONE
## (NEGLIGENCE)

19.     Plaintiffs adopt and incorporate herein as if specifically set forth herein the averments of paragraphs one through 18 of the Complaint.

20.     Plaintiffs sustained injury and loss of property, and personal injury caused by the negligent or wrongful act or omission of employees of the United States while such employees were acting within the scope of their office or employment, under circumstances where the

United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

21. The United States failed to meet or satisfy the applicable standard of care with respect to the condition of the Housing.

22. The United States failed to meet the applicable standard of care with respect to the inspection and maintenance of the Housing.

23. The United States failed to meet the applicable standard of care with respect to the duty to provide notice to plaintiffs, and with respect to the duty to warn plaintiffs.

24. The United States knew or should have known that the Housing was unsafe.

25. The United States knew or should have known that the Housing would sustain serious physical damage in the event of earth movement, including earthquakes.

26. The United States failed to ensure that employees would be assigned to adequate housing.

27. Plaintiffs have sustained damages in excess of ten million dollars as a direct, proximate and foreseeable consequence of the breaches by defendants.

**WHEREFORE**, by all these presents, counsel for plaintiffs prays for the following relief:

1. Entry of Judgment in favor of plaintiff Galvin and against defendant in the amount of ten million dollars or such other amount as may be proven at trial;

2. Entry of Judgment in favor of plaintiff Pellegrin and against defendant in the amount of ten million dollars, or such other amount as may be proven at trial;

3. Such other and further relief as the court may deem just and proper.

## VERIFICATION

I, Kathey-Lee Galvin, under the laws of perjury of the United States, do hereby swear, declare and affirm that the statements in this complaint are true and accurate, and I am authorized to make this verification on behalf of all/both plaintiffs.

Dated: October 21, 2014

I, Blaise Pellegrin, under the laws of perjury of the United States, do hereby swear, declare and affirm that the statements in this complaint are true and accurate, and I am authorized to make this verification on behalf of all/both plaintiffs.

Dated: October 21, 2014

*for Blaise Pellegrin*

Respectfully Submitted,

Phil Musolino #294652
Musolino & Dessel PLLC
1615 L Street, NW
Suite 440
Washington, DC 20036
Phone: (202) 466-3883
Fax: (202) 775-7477
Email: